IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

```
EDGAR L. BURNS, JR., and    )
MELANIE BURNS,              )
                            )
     Plaintiffs,            )
                            )    CIVIL ACTION NO.
     v.                     )      3:12cv293-MHT
                            )          (WO)
U.S. BANK, N.A., and        )
BANK OF AMERICA, N.A.,      )
                            )
     Defendants.            )
```

OPINION AND ORDER

It is ORDERED that defendants U.S. Bank, N.A. and Bank of America, N.A.'s motion to strike evidence (Doc. No. 21) is denied under the conditions set forth below.

***

The Federal Rules of Civil Procedure delineate the general use of a motion to strike: "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added). The terms of the rule

make clear that "[o]nly material included in a 'pleading' may be subject of a motion to strike.... Motions, briefs or memoranda, objections, or affidavits may not be attacked by the motion to strike."  2 James Wm. Moore, et al., Moore's Federal Practice § 12.37[2] (3d ed. 1999). Therefore, as an initial matter, the motion to strike must be denied as to all non-pleadings, and, in this case, that would be all documents at issue.  See Lowery v. Hoffman, 188 F.R.D. 651, 653 (M.D. Ala. 1999) (Thompson, J.); Fed. R. Civ. P. 7(a) (a "pleading" is "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer.").

   Nevertheless, in resolving the pending summary-judgment motion, the court will implicitly consider the motion to strike as, instead, a notice of objections to the testimony described.  Norman v.

<u>Southern Guar. Ins. Co.</u>, 191 F. Supp. 2d 1321, 1328 (M.D. Ala. 2002) (Thompson, J.); <u>Anderson v. Radisson Hotel Corp.</u>, 834 F. Supp. 1364, 1368 n.1 (S.D. Ga. 1993) (Bowen, J.).

The court is capable of sifting evidence, as required by the summary-judgment standard, without resort to an exclusionary process, and the court will not allow the summary-judgment stage to degenerate into a battle of motions to strike.

DONE, this the 30th day of January, 2013.

                                              <u>  /s/ Myron H. Thompson  </u>
                                              UNITED STATES DISTRICT JUDGE